FILED



# UNITED STATES DISTRICT COURT

2019 SEP -9 PM 2:19

PROVIDED TO APALACHEE CI ON 12/21/16 FOR MAILING DATE:

for the

MIDDLE District of FLORIDA

ORLANDO Division

Case No. 6:19-cv-1753-ORL-40GJK
(to be filled in by the Clerk's Office)

STACY ANTONIO SCOTT JR

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

GLENN J. WHITE, ET AL

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

# I. The Parties to This Complaint

## A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | STACY ANTONIO SCOTT JR |
| All other names by which you have been known: | |
| ID Number | X59632 |
| Current Institution | APALACHEE C.I. EAST UNIT |
| Address | 35 APALACHEE DRIVE |
| | SNEADS (City) FL (State) 32460 (Zip Code) |

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | GLENN J. WHITE |
| Job or Title *(if known)* | DEPUTY SHERIFF |
| Shield Number | |
| Employer | OSCEOLA COUNTY SHERIFFS OFFICE |
| Address | 2601 E. IRLO BRONSON MEMORIAL HIGHWAY |
| | KISSIMMEE (City) FL (State) 34744 (Zip Code) |

☒ Individual capacity ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | ROBERT M. STOCKMAN |
| Job or Title *(if known)* | DEPUTY SHERIFF |
| Shield Number | |
| Employer | OSCOELA COUNTY SHERIFF'S OFFICE |
| Address | 2601 E. IRLO BRONSON MEMORIAL HIGHWAY |
| | KISSIMMEE (City) FL (State) 34744 (Zip Code) |

☒ Individual capacity ☐ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | EUNICE MARMOL |
| Job or Title *(if known)* | DEPUTY SHERIFF |
| Shield Number | |
| Employer | OSCEOLA COUNTY SHERIFF'S OFFICE |
| Address | 2601 E. IRLO BRONSON MEMORIAL HIGHWAY |
| | KISSIMMEE (*City*) FL (*State*) 34744 (*Zip Code*) |

☒ Individual capacity ☐ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | MATTHEW PIPPIN |
| Job or Title *(if known)* | DEPUTY SHERIFF |
| Shield Number | |
| Employer | OSCEOLA COUNTY SHERIFF OFFICE |
| Address | 2601 E. IRLO BRONSON MEMORIAL HIGHWAY |
| | KISSIMMEE (*City*) FL (*State*) 34744 (*Zip Code*) |

☒ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

4TH Amendment constitutional right to be free from Excessive or Unreasonable Force during an arrest

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

**B. The Defendant(s) Continued**

Defendant No. 5

| | |
|---|---|
| Name | Alycia Honeyghon |
| Job or Title *(if known)* | Florida State Trooper |
| Shield Number | Unknown |
| Employer | Florida Highway Patrol Troop D, Suite A |
| Address | 133 S. Semoran Blvd, Orlando, Florida 32807 |
| | ☑ Individual capacity |

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

PLEASE SEE ATTACHED

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* ______

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Behind the Perkins Restaurant located at
1600 West Osceola Parkway
Kissimmee, Florida 34741

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

N/A

II. D. Statement Of Facts

1.) On July 12, 2013 plaintiff a transgender male and her co-defendants Sh'Tara M. Barnes, Lequida L. Harley and Mariah M. Reynolds were pursued in their vehicle by Osceola County Sheriff's Office Deputies Detective Glenn D. White and Deputy Robert M. Stockman

2.) They were pursued after allegedly shoplifted merchandise from the Kohl's Department Store, fled the store, struck both deputies vehicles while exiting their parking space and fleeing the scene.

3.) During the pursuit on Osceola Parkway White and Stockman continuously rammed the rear end of their vehicle and forced them off the roadway by causing their vehicle to slide sideways landing on an embankment in front of the Perkins Restaurant located at 1600 W. Osceola Parkway, Kissimmee, Florida.

4.) Plaintiff and her co-defendant Barnes immediately fled the scene and hid from deputies in a dumpster located at the rear of the Perkins Restaurant. Several hours later they were discovered by Osceola County Deputy Matthew Pippin.

5.) Upon Pippin opening the dumpster lid plaintiff immediately raised her hands and stood up stating "I surrender, my hands are in the air and my cellular phone is in my right hand" "I don't have anything on me"

6.) Pippin then radioed to other deputies that he found plaintiff and her co-defendant in the dumpster. White, Stockman, Marmol, Trooper Honeyghan and several other Osceola County Deputies entered the enclosed area where the dumpster was located.

7.) Pippin then stated "Get your faggot ass out of there!" plaintiff told Pippin that she needed assistance climbing out, did not want to lower her hands and risk being shot

8.) White then stated "Faggot assed nigger get out or i'll blow your fucking brains out for running from me" White then placed his weapon to plaintiff's head as a flashlight was placed in her face temporarily blinding her.

9.) Plaintiff was struck several times in her face by Pippin, white, Stockman and Marmol before being drug out of the dumpster by her hair and slammed to the ground, landing on her right knee, which made a popping noise and instantly swelled with fluid.

10.) Plaintiff was then handcuffed behind her back as she laid on the ground. She did not resist and was not combative while being handcuffed. Pippin, White, Marmol and Stockman commenced to brutally beating her for approx 5-7 mins they hurled homophobic slurs, cursed her for running from them and repeatedly punched her in the back of the head, the sides of her head, slammed her head into the pavement, repeatedly kicked her in the sides causing her ribs to make a loud popping noise, kicked her in the testicles repeatedly which caused her to scream in agony.

11.) They yelled "Shut up fucking fag" "you shouldn't have ran" plaintiff was then struck in the back of he head with a heavy object which caused her to temporarily lose conciousness. when she regained conciousness plaintiff observed White fleeing with a black object in his hand.

12.) plaintiff was then drug to an unknown Deputy's Ford Crown Victoria and placed in the rear. A paramedic opened the door and remarked "nice" in regards to the lacerations in plaintiff's face, gash on the side of her head and gash on her right inner hand.

12.) She attempted regarding the injury to the back of her head, ribs and knee but the Deputy and Marmol interrupted stating "shut the fuck up fag, before we beat your ass again"

13.) The paramedic wiped her face with gauze soaked in witch hazel to stop the bleeding, took her shirt that was soaked in blood and stated "I don't feel sorry for your sissy ass" "That's what you get for running" "They should've let the dog eat your punk ass"

14.) Plaintiff was then placed in the back of Deputy Marmol's patrol vehicle and transported to the Osceola County Sheriff's Office. Upon arriving at the Sheriff's Office Marmol removed plaintiff from the rear drivers side, drew her weapon, placed it to plaintiff's head and told her if she moved Marmol would "blow her Fucking brains out"

15.) Marmol then removed Barnes from the passenger side rear of the vehicle and escorted them inside the Sheriff's Office where plaintiff, Barnes and Reynolds were interviewed by Detective Ronald Barretto.

16.) while in the Common bullpen area Deputy Stockman and Detective white in Concert with other deputies repeatedly taunted and battered plaintiff. They made fun of plaintiff's gender identity, prior booking photographs and threatened to find her, kill her and her family.

17.) plaintiff was then transported to the Osceola County Jail where she was booked into the Jail.

C. What date and approximate time did the events giving rise to your claim(s) occur?

Approx between 11:00 p.m. on July 12, 2013 and July 13, 2013 - 01:30 a.m.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

PLEASE SEE ATTACHED

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

PERMANENT SCAR UNDER RIGHT EYE, PERMANENT SCAR ON THE RIGHT SIDE OF HEAD DIMINISHED VISION THAT REQUIRES CORRECTIVE LENSES, PERMANENT, DAILY CONTINUING SEVERE MIGRAINES THAT MUST BE CONTROLLED BY BLOOD PRESSURE MEDICATION.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

PLEASE SEE ATTACHED

IV. D. Statement Of Claims

Plaintiff Re-Incorporates and Re-alleges Paragraphs 1-17

Count I
Excessive Force

18.) Defendants Glenn J. White, Robert M. Stockman, Eunice Marmol and Matthew Pippin while acting under Color Of law in their individual Capacities deliberately and intentionally Committed acts violating plaintiff's Clearly established 4th amendment rights to be Free From and not to be subjected to excessive or unreasonable Force during arrest.

19.) White, Stockman, Marmol and Pippin First used excessive or unreasonable Force against plaintiff by repeatedly striking her as she raised her hands surrendering to arrest.

20.) White, Stockman, Marmol and Pippin then used excessive or unreasonable Force against plaintiff by brutally beating her as she lay on the ground restrained behind her back with a pair of handcuffs on.

21.) White Further used excessive or unreasonable Force by striking her in the back Of the head with an unknown Object Causing her to lose Consciousness.

22.) Plaintiff did not pose any threat or immediate threat to White, Stockman, Marmol Or Pippin as she lay on the ground restrained by handcuffs surrendering to arrest and being brutally beat.

23.) There was no need For any Force because plaintiff was arrested, restrained and posed no threat to any OF the deputies. She was not resisting arrest at anytime nor was she ever Combative towards them rendering the amount OF Force excessive.

24.) The excessive, unreasonable Force and brutal beating resulted in plaintiff sustaining physical injury to her ribs, permanent injury to her knee, permanent diminished vision which Forces her to wear Corrective lenses, permanent scars on the right side OF her head Close to her temple and under her right eye.

25.) Plaintiff also sustained permanent scarring to her right knee, permanent daily, intolerable, severe, excruciating, Chronic migraines that she has to maintain by taking Lisinopril, HCTZ and aspirin

26.) White, Stockman, Marmol, and Pippin's actions Constitutes excessive, unreasonable Force in violation of Plaintiff's Clearly established 4th Amendment rights, which resulted in physical injury, diminishment of physical Capabilities, permanent injury and disfigurement, pain, suffering, loss of Capacity for the enjoyment of life, loss of ability to earn income in the Future and inconvenience.

Count II
Failure To Intervene

27.) Trooper Alycia Heneghan while acting under Color of law in her individual Capacity when White, Stockman, Marmol and Pippin used excessive Force against Stacy Antonio Scott Jr. in violation of her Clearly established 4th Amendment rights of the United States Constitution.

28.) White, Stockman, Marmol and Pippin used excessive Force on Plaintiff, Trooper Heneghan saw White, Stockman, Marmol and Pippin use excessive Force on Plaintiff as they brutally beat her as she lay on the ground handcuffed behind her back, Heneghan had a realistic opportunity to prevent any harm from occurring, Heneghan Failed to take any reasonable steps to prevent any harm from occurring.

29.) Heneghan's Failure to act Caused Plaintiff's injuries, which were a reasonably Foreseeable Consequence of Heneghan's Failure to act as excessive Force was being unreasonably used on Plaintiff as she lay on the ground restrained and not posing any threat.

30.) By Failing to intervene and watch as White, Stockman, Marmol and Pippin brutally beat Plaintiff as she laid on the ground restrained in handcuffs, Heneghan's actions violated Plaintiff's 4th Amendment rights that were Clearly established under the United States Constitution, resulting in permanent physical injury, disfigurement, unnecessary, wanton infliction of pain and suffering, daily, Continuing, severe intolerable migraines, loss of Capacity to enjoy life, diminished physical capabilities, ability to earn income

# Count III

## State Law Battery Claims

31.) White, Stockman, Marmol and Pippin did commit a battery against plaintiff by their acts of intentionally touching and striking plaintiff against her will, then slamming her to the ground, punching and kicking her as she lay on the ground restrained resulting in unwanted physical contact with plaintiff that she did not consent to, provoke and was harmful to her.

32.) This physical contact was offensive, plaintiff did not consent to it or provoke it. Such contact was unlawful. White, Stockman, Marmol and Pippin caused her to sustain physical injury as a result of them brutally beating her as she lay on the ground restrained.

33.) White, Stockman, Marmol and Pippin intended to make this offensive and harmful contact with plaintiff and they knew that brutally beating Plaintiff as she lay on the ground restrained by handcuffs would cause offensive and harmful contact with plaintiff.

34.) The unwanted, non-consensual contact was offensive to plaintiff and harmful, causing severe, excruciating, pain and suffering and permanent ~~[illegible]~~ physical injury.

35) As a direct, proximate result of this battery committed by White, Stockman, Marmol and Pippin plaintiff suffered physical injury, disfigurement, diminished physical capabilities, loss of capacity for the enjoyment of life. Plaintiff's injuries are permanent in nature and will continue into the future.

VI. Relief

WHEREFORE, Plaintiff Scott respectfully requests that this Court enter Judgment:

36.) Granting Plaintiff a declaration that the acts or omissions described herein violated her Rights under the Constitution and Laws Of The United States;

37.) Granting Plaintiff punitive damages in the amount Of $15,000 against each defendant

38) Granting Plaintiff nominal damages in the amount Of $1,000 against each defendant

39) A Jury trial on all issues triable by a Jury

40) Recovery Costs associated with this suit, and

41.) Any additional relief that this court deems Just, proper and equitable

December 21, 2016
(Date)

[signature]
Stacy A. Scott Jr X59632

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

N/A

2. What did you claim in your grievance?

N/A

3. What was the result, if any?

N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   OSCEOLA COUNTY CORRECTIONS DEPARTMENT COULD NOT ADDRESS ANY OF THESE CLAIMS.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   LIEUTENANT KEITH PARSON OF THE OSCEOLA COUNTY SHERIFF'S OFFICE, LT. PARSON CLAIMS THAT HE INVESTIGATED MY CLAIMS AND STATED THAT THEY WERE UNFOUNDED

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) STACY ANTONIO SCOTT JR

   Defendant(s) JEFFREY L. ASHTON

2. Court *(if federal court, name the district; if state court, name the county and State)*

   UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

3. Docket or index number

   6:13-cv-1718-GRS-DAB

4. Name of Judge assigned to your case

   UNKNOWN

5. Approximate date of filing lawsuit

   UNKNOWN

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition. 2013-2014

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   FAILURE TO PROSECUTE

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ____________________

   Defendant(s) ____________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ____________________

3. Docket or index number

   ____________________

4. Name of Judge assigned to your case

   ____________________

5. Approximate date of filing lawsuit

   ____________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition ____________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ____________________

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: December 21, 2016

Signature of Plaintiff: S.A. Scott Jr

Printed Name of Plaintiff: STACY ANTONIO SCOTT JR

Prison Identification #: X59632

Prison Address: APALACHEE C.I EAST UNIT 35 APALACHEE DRIVE

| City | State | Zip Code |
|---|---|---|
| SNEADS | FL | 32460 |

### B. For Attorneys

Date of signing: ______________

Signature of Attorney: ______________

Printed Name of Attorney: ______________

Bar Number: ______________

Name of Law Firm: ______________

Address: ______________

| City | State | Zip Code |
|---|---|---|
| | | |

Telephone Number: ______________

E-mail Address: ______________