PROVIDED TO APALACHEE CI / EU ON 6/28/17 FOR MAILING DATE

# UNITED STATES DISTRICT COURT

for the

District of

Division

FILED 2020 MAR 16 PM

Case No. 6:19-cv-01753-TGB-GJK
*(to be filled in by the Clerk's Office)*

Stacy Antonio Scott, Jr.
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Glenn J. White, et al.
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Stacy Antonio Scott, Jr.
All other names by which you have been known: Stacy Chanel Brown
ID Number: X59632
Current Institution: Apalachee C.I. East Unit
Address: 35 Apalachee Drive
Sneads (City) Florida (State) 32460 (Zip Code)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Glenn J. White
Job or Title *(if known)*: Deputy Sheriff
Shield Number: 1151
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee (City) Florida (State) 34744 (Zip Code)

☑ Individual capacity ☐ Official capacity

Defendant No. 2

Name: Robert M. Stockman
Job or Title *(if known)*: Deputy Sheriff
Shield Number: 917
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee (City) Florida (State) 34744 (Zip Code)

☑ Individual capacity ☐ Official capacity

Defendant No. 3

Name: Eunice Marmol
Job or Title *(if known)*: Deputy Sheriff
Shield Number: 3342
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee (City) Florida (State) 34744 (Zip Code)

☑ Individual capacity ☐ Official capacity

Defendant No. 4

Name: Matthew Pagan
Job or Title *(if known)*: Deputy Sheriff
Shield Number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee (City) Florida (State) 34744 (Zip Code)

☑ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

4th amendment right to be free from excessive or unreasonable force during an arrest

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

B. The Defendant(s) Continued

Defendant no. 5
Name: Alycia Honeyahon
Job or Title: Florida State Trooper
Shield number:
Employer: Florida Highway Patrol, Troop D
Address: 133 Semoran Blvd, Suite #A
Orlando, Florida 32807
Individual Capacity

Defendant no. 6
Name: Nic Wilson
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 7
Name: K. Sonnabend
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 8
Name: E. Stradtman
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 9
Name: D. Richmond
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 10
Name: D. Eddy
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 11
Name: J. Scanlan
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 12
Name: O. Harhen
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 13
Name: J. Buchanan
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 14
Name: P. Walther
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.15
name: Al Hogue
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.16
name: Jon Powell
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.17
name: G. Douberley
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.18
name: O. Gayle
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.19
name: L. Mendez
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.20
name: E.L. Edwards
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.20
name: Jose Cabrera
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.21
name: Carla Odell
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.22
name: S. Smith
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.23
name: BR Chambers
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 24
Name: Isiah Beckman
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 25
Name: C. Boos
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 26
Name: G. Cabot
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 27
Name: John Clayton
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 28
Name: N. Lorenzano
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 29
Name: D. Mancino
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 30
Name: C. Bdnar
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.
Name: J. Torgey
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 31
Name: J. Atkins
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 32
Name: J. Pardas
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 33
name: A. Valentin
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 34
name: C. Miller
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 35
name: Jabon Cola
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 36
name: F. Bouza
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 37
name: Robert E. Hannell
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 38
name: D. Cunningham
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 39
name: D. Devlin
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 40
name: E. Roman
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 41
name: M. Odell
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no. 42
name: T. Baggett
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.43
name: D. Delorato
Job or title: Deputy Sheriff
Shield number:
Employer: ~~Address~~ Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.44
name: A. Sobiech
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.45
name: M. Bryan
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.46
name: J. Drew
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.47
name: Bradley Butler
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.48
name: J. Rios
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.49
name: R. Alderman
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.50
name: M. Jordanides
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.51
name: R. Barretto
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

Defendant no.52
name: S. Hayes
Job or title: Deputy Sheriff
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

①Defendant No. 53
Name: John Doe
Job or title: Deputy Sheriff (Corporal or Sgt) (African American)
Shield number:
Employer: Osceola County Sheriff's Office
Address: 2601 E. Irlo Bronson Memorial Highway
Kissimmee, Florida 34744
Individual Capacity

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Please See attached

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Behind The Perkins Restaurant located at
1600 West Osceola Parkway
Kissimmee, Florida 34741

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

N/A

C. What date and approximate time did the events giving rise to your claim(s) occur?

Approx between 11 pm on 7/12/2013 and July 13, 2013 at 1:30 a.m.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Please see attached

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Permanent scar under right eye, permanent scar on right side of head Diminished vision that requires corrective lenses, permanent, daily, continuing severe migraines that must be controlled by blood pressure medication permanent, daily, continuing knee pain

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Please see attached

II. D. Statement Of Facts

1.) On July 12, 2013, Plaintiff, Stacy Antonio Scott Jr., (Stacy Chanel) a transgender male to female her co-defendants Sh'Tara M. Barnes, Lequida L. Harley and Marilyn M. Reynolds were pursued in their vehicle by Osceola County Sheriff's Deputies Detective Glenn S. White and Deputy Robert M. Stockman.

2.) White and Stockman pursued them after they allegedly shoplifted merchandise from the Kohl's Department Store, located in the Loop Shopping Plaza in Kissimmee, Florida. Plaintiff and her Co-defendants allegedly fled the store, bashing White and Stockman's vehicle in the parking lot, while exiting their parking space, then fleeing the scene.

3.) During the pursuit, on Osceola Parkway, White and Stockman repeatedly rammed the rear of their vehicle and struck the sides repeatedly, forcing them from the roadway, causing their vehicle to slide sideways and land on an embankment in front of the Perkins Restaurant located at 1600 W. Osceola Parkway, Kissimmee, Florida 34744.

4.) Plaintiff, her co-defendant Sh'Tara M. Barnes immediately fled the scene and hid in a garbage dumpster located at the rear of the Perkins restaurant. Several hours later they were discovered by Osceola County Sheriff's Deputies Matthew Pippin and Sgt. R. Alderman.

5.) Upon Pippin and Alderman opening the dumpster lid, plaintiff immediately raised her hands in the air stood up and stated "I surrender, my hands are in the air!" "My cellular phone is in my right hand" "I don't have anything else on me"

6.) Pippin then radioed other deputies in the area indicating that he found them in the garbage dumpster. White, Stockman, Marmol, Trooper Honeyghan and several other Osceola County Sheriff Deputies, including [illegible] Deputy Buchanan and an unknown African American Corporal or Sergeant entered the enclosed area where the dumpster was located with their guns drawn.

7.) Pippin and Alderman then yelled, "Get your faggot ass out of there" Plaintiff explained her need for assistance exiting the garbage dumpster, did not want to lower her hands out of her fear of the risk of being shot.

8.) White then approached the dumpster, yelling "Faggot assed nigger get the fuck out or I'll blow your fucking brains out for running from me!" White placed his gun to plaintiff's head as Pippin and Alderman placed flashlights in her face temporarily blinding her.

9.) Pippin, White, Stockman, Marmol, Alderman and Buchanan repeatedly struck plaintiff about the face, neck and head area with closed fists referring to her as "You fuck ass sissy" "Fucking nigger" "Stupid faggot" and asking "Why the fuck you ran faggot", before she was drug by her hair from the dumpster, slammed to the ground landing on her right knee, which made a loud popping noise and instantly swelled with fluid.

10.) Plaintiff laid on the ground as White placed his knee in her back, handcuffing her as she offered no resistance and remained non-combative and compliant at all times.

11.) Riggin, White, Marmol, Stockman, Alderman and Buchanan commenced to brutally beating her by repeatedly punching and kicking her about the back of her head, sides of her face, head, slamming her head into the pavement, kicking her in the sides causing one of her ribs to make a loud popping noise and kicking her in the testicles repeatedly stating "your a fucking man faggot!" which caused her to scream in agony.

12.) During the beating, they chastised plaintiff, hurled homophobic slurs, cursed her for running from them and making them have to search for her. They yelled "shut up you fucking fag" "you shouldn't have ran" and an unknown African American Corporal or Sergeant stated "your a fucking disgrace to men and niggers you fucking sissy" before she was struck in the back of the head with a heavy blunt object, causing her to lose consciousness.

13.) When plaintiff regained consciousness she observed White fleeing the dumpster area with a black object in his hand resembling a mag-lite flashlight. She was then drug to the Ford Crown Victoria Police Interceptor of Deputy Buchanan and placed into the rear seat.

14.) The unknown Corporal or Sergeant opened the rear door, confronted her for fleeing stating "we hold grudges against mother fuckers who run from us" "next time we'll kill your faggot ass" before punching her in the side of the face with a closed fist, then slamming the door.

15.) A paramedic opened the door accompanied by Buchanan and Marmol, remarking "nice" in regards to the lacerations and contusions in plaintiff's face, under her eyes, gash on the side of her head and inner right hand.

16.) She attempted reporting the injuries to the back of her head, ribs and knee to the medic, but deputies Buchanan and Marmol interrupted, stating "shut up fag, before we beat your faggot ass again!"

17.) The medic proceeded to roughly wipe her face with a gauze soaked in witch hazel to stop the bleeding before cutting her shirt that was soaked with blood, stating "I don't feel sorry for your sissy ass" "that's what you get for running" "they shouldve let the dog eat your punk ass."

18.) Plaintiff was then removed from the rear of Buchanan's squad car and placed into the rear of Marmol's Ford Taurus alongside Barnes and transported to the Osceola County Sheriff's Office. Upon arrival Marmol removed her first from the rear driver's side, drew her weapon, placed it to plaintiff's head threatening to "blow her fucking brains out" if she moved.

19.) Marmol proceeded to remove Barnes from the passenger side rear seat before inside of the Sheriff's Office where plaintiff, Barnes and Reynolds were interviewed by Detective Ronald Baretto. While in the common bullpen area Stockman, Marmol, White, an unknown hispanic male deputy and several other deputies repeatedly taunted plaintiff by calling her "faggot" "peter puffer" "pole smoker" "nigger boy" "he/she" "dick sucker" and battering her by slapping her in the face or punching her in the head for allegedly attempting to kill White and Stockman.

20.) They also made fun of her gender identity, prior booking photographs and White threatened to find her, kill her and her family.

21.) Plaintiff was later transported to the Osceola County Jail where she was booked into the Jail and unable to sleep or walk without limping due to her knee injury. She also experienced and continues to experience vision diminishment and trouble [illegible] due to being kicked in the face and temples.

22.) She attempted reporting these injuries during booking, the intake nurse refused to notate or examine the injuries claiming there was nothing wrong with plaintiff, the injury to her knee and ribs were minor, a waste of time, unworthy of notation, examination and incidental to her arrest.

IV. D. STATEMENT OF CLAIMS

23.) Plaintiff reaffirms and realleges the allegations set forth in Paragraphs 1-22

2: COUNT I

(Excessive Force Against White, Stockman, Marmol, Pippin, Alderman & Buchanan)

24.) White, Stockman, Marmol, Pippin, Alderman and Buchanan while acting under color of law in their individual capacities for the Osceola County Sheriff's Office did intentionally and deliberately commit acts that resulted in the violation of Plaintiff's clearly established 4th Amendment Constitutional right to be free from the use of excessive or unreasonable force during her arrest.

25.) White, Stockman, Marmol, Pippin, Alderman and Buchanan's acts and/or conduct of repeatedly striking her about the face, head and neck area with closed fists as she raised her hands in the car surrendering to arrest, then brutally beating her as she laid on the ground restrained and handcuffed behind her back as they repeatedly slammed her head into the pavement, punched her in the back of the head, kicked her in her sides, testicles, then striking her in the back of her head with an unknown, heavy blunt object causing Plaintiff to lose consciousness and sustain permanent injuries.

26.) Plaintiff did not pose any threat, immediate or otherwise nor was she actually resisting or combative towards White, Stockman, Marmol, Pippin, Alderman or Buchanan when she raised her hands in the car and as she laid on the ground handcuffed behind her back. There was no need for and the application of force was unjustified because she was never combative towards them, surrendering and was restrained with handcuffs.

27.) White, Stockman, Marmol, Pippin, Alderman and Buchanan's conduct and/or actions constituted excessive and/or unreasonable force in violation of Plaintiff's clearly established 4th amendment right not to be subjected to excessive or unreasonable force during her arrest.

28.) Their conduct further resulted in permanent injury including scarring to her right knee, physical injury to her ribs, permanent scarring to her right knee, right side of her face, temple, under her right eye, physical injury and permanent ongoing daily pain in her right knee, difficulty urinating and permanent ongoing daily pain while urinating due to being kicked in the testicles, permanent diminished vision which forces her to wear corrective lenses due to being kicked and punched in the face, daily, severe chronically excruciating migraines and elevated blood pressure that she has to maintain with blood pressure medication due to being punched and kicked in the head.

29.) Their conduct further resolved resulted in permanent physical injury, diminished physical capabilities, permanent disfigurement, daily, ongoing severe chronic pain and suffering, loss of ability for the enjoyment of life, loss of ability to earn income in the future and inconvenience.

# COUNT II

(Failure To Intervene against Honeyghan, Wilson, Sonnabend, Stroatman, Richmond, Eddy, Scanlan, Harben, Walther, Hogue, Powell, Dauberley, Gayle, Mendez, Edwards, Cabrera, Odell, Smith, Chambers, Bechman, Boos, Cabot, Clayton, Lorenzano, Minervino, Bogar, Forgey, Atkins, Parras, Valentin, Miller, Ciola, Souza, Cunningham, Devlin, Roman, M. Odell, Baggett, Diloreto, Sobiech, Bryan, Drew, Butler, Rios, Jordanides, Baretto, Hayes, John Doe (Corporal or Sergeant) (African American))

30.) Honeyghan, Wilson, Sonnabend, Stroatman, Richmond, Eddy, Scanlan, Harben, Walther, Hogue, Powell, Dauberley, Gayle, Mendez, Edwards, Cabrera, Odell, Smith, Chambers, Bechman, Boos, Cabot, Clayton, Lorenzano, Minervino, Bogar, Forgey, Atkins, Parras, Valentin, Miller, Ciola, Souza, Cunningham, Devlin, Roman, M. Odell, Baggett, Diloreto, Sobiech, Bryan, Drew, Butler, Rios, Jordanides, Baretto, Hayes, John Doe (Corporal or Sergeant) (African American) while acting under Color of law in their individual Capacities For the Florida Highway Patrol and/or Osceola County Sheriff's Office failed to intervene and witnessed White, Stockman, Marmol, Pippin, Alderman and Buchanan use excessive or unreasonable Force against Plaintiff.

31.) They witnessed White, Stockman, Marmol, Pippin, Alderman and Buchanan use excessive or unreasonable Force when arresting her by repeatedly striking her with Closed Fists as she raised her hands in the air surrendering to arrest, then Further witnessed them brutally beat her as she laid on the ground, restrained behind her back with handcuffs, unresisting and non-Combative.

32.) They all had a reasonable and realistic opportunity to intervene and/or prevent harm and Further harm From Occurring. They all Failed to take any reasonable steps to intervene or prevent harm and Further harm From Occurring and watched White, Stockman, Marmol, Pippin, Alderman and Buchanan use excessive or unreasonable Force while arresting Plaintiff.

33.) Their Failure to act Caused Plaintiff permanent injuries. These injuries were a reasonably Forseeable Consequence of their Failure to act and/or intervene when White, Stockman, Marmol, Pippin, Alderman and Buchanan used excessive or unreasonable Force by repeatedly striking her with Closed Fists as she surrendered, then brutally beating her as she laid on the ground, restrained with handcuffs unresisting and Compliant.

34.) Their Failure to act and/or intervene and watching White, Stockman, Marmol, Pippin, Alderman and Buchanan use excessive or unreasonable Force while arresting Plaintiff violated her Clearly established rights under the United States Constitution, resulting in permanent physical injury, diminished physical Capabilities, disfigurement, pain and suffering, loss of ability for the enjoyment of life, loss of ability to earn income in the Future and inconvenience.

# COUNT III

(State Law Battery Claim against, White, Stockman, Marmol, Alderman & Buchanan & Pippin)

35.) White, Stockman, Marmol, Alderman, Buchanan and Pippin did Commit a Battery against Plaintiff by their acts of intentionally touching her in an offensive manner, ~~and~~ repeatedly striking her with closed fists, then striking her repeatedly her with closed fists and their feet as she laid on the ground, resulting in unwanted physical contact with plaintiff that she did not consent to and was harmful.

36.) This contact was offensive because plaintiff did not consent to or provoke such unlawful contact. White, Stockman, Marmol, Alderman, Buchanan and Pippin caused her to sustain harm and physical injury when they repeatedly struck her in the face with closed fists. They caused her to suffer further harm and permanent physical injury as a result of them dragging her from the garbage dumpster, slamming her onto her knee, repeatedly punching & kicking her about the face, neck, back and striking her in the back of her head causing her to lose consciousness.

37.) White, Stockman, Marmol, Alderman, Buchanan and Pippin intended to make this contact both offensive and harmful. They knew repeatedly striking her in the face, dragging her from the garbage dumpster, slamming her on her knee, then brutally beating her as she laid on the ground and striking her in the back of the head with a heavy blunt object causing her to lose consciousness would cause and result in offensive and harmful contact with plaintiff

38.) They also knew kicking her in the testicles repeatedly would cause and result in offensive and harmful contact with plaintiff. This unwanted, non-consensual contact was offensive to plaintiff causing her to suffer severe, excruciating, intolerable pain, permanent physical injury, ongoing daily continuing chronic pain and suffering, emotional distress.

39.) As a direct, proximate result of this battery committed by ~~[illegible]~~ White, Stockman, Marmol, Alderman, Buchanan and Pippin plaintiff permanent physical injury, impairment, disfigurement, deformity, disability, mental anguish, loss of capacity for the enjoyment of life. Plaintiff's injuries are permanent and will continue into the future.

# COUNT IV

(State Law Battery Claim against John Doe (corporal or sergeant) (African American))

40.) John Doe (African American Corporal or sergeant) did Commit a Battery against Plaintiff by his intentional act of touching her in an offensive manner, punching her in the face with a closed fist, resulting in unwanted physical contact with Plaintiff that she did not consent to, provoke and was harmful.

41.) His Conduct was offensive because Plaintiff did not consent to nor provoke such unlawful conduct. John Doe caused her to suffer harm and physical injury as a result of him punching her in the face with a closed fist.

42.) John Doe intended to make this contact both offensive and harmful. He knew that punching plaintiff in her face would cause and result in offensive and harmful contact with plaintiff.

43.) This unwanted, non-consensual conduct was offensive to plaintiff causing her to suffer severe, excruciating, intolerable pain, physical injury, daily continuing chronic pain and suffering in the form of migraines and emotional distress.

44.) As a direct, proximate cause result of this Battery committed by John Doe plaintiff suffered physical injury, mental anguish, loss of capacity for the enjoyment of life.

# COUNT V

(Failure To Train and Supervise Against Robert E. Hansell)

45.) White, Stockman, Marmol, Alderman, Buchanan and Pippin violated Plaintiff's Clearly established 4th Amendment Right to be Free From excessive Force. They were not adequately trained in the proper application of Force to effect an arrest.

46.) Robert E. Hansell knew based on at least one earlier instance of unconstitutional Conduct that was materially similar to White, Stockman, Alderman, Buchanan and Pippin's violation of Plaintiff's Constitutional rights that additional training and/or supervision was warranted to avoid the use of excessive Force during an arrest likely recurring in the Future.

47.) Wilson, Sonnabend, Strodtman, Richmond, Eddy, Scanlan, Harhan, Walther, Hogue, Powell, Dauberley, Gayle, Mendez, Edwards, Cabrera, Odell, Smith, Chambers, Bechman, Boos, Cabot, Clayton, Lorenzano, Minervino, Bonar, Forgey, Atkins, Parras, Valentin, Miller, Ciola, Souza, Cunningham, Devlin, Roman, M. Odell, Baggett, Diloreto, Sobiech, Bryan, Drew, Butler, Ribs, Jordanides, Barello, Hayes, John Doe, violated Plaintiff's Clearly established 4th Amendment right to be Free From excessive Force by Failing to intervene and witnessing White, Stockman, Marmol, Alderman, Buchanan and Pippin use excessive Force on her. They were not adequately trained in the proper application of Force to effect an arrest or the proper action to take in the event of witnessing the use of excessive Force.

48.) Robert E. Hansell knew based on at least one earlier instance of unconstitutional Conduct that was materially similar to Wilson, Sonnabend, Strodtman, Richmond, Eddy, Scanlan, Harhan, Walther, Hogue, Powell, Dauberley, Gayle, Mendez, Edwards, Cabrera, C. Odell, Smith, Chambers, Bechman, Boos, Cabot, Clayton, Lorenzano, Minervino, Bonar, Forgey, Atkins, Parras, Valentin, Miller, Ciola, Souza, Cunningham, Devlin, Roman, M. Odell, Baggett, Diloreto, Sobiech, Bryan, Drew, Butler, Ribs, Jordanides, Barello, Hayes and John Doe's violation of Plaintiff's Constitutional rights that additional training and supervision was warranted to avoid Excessive Force during an Arrest and Failure to intervene while excessive Force is occurring during an arrest likely recurring in the Future.

49.) Robert E. Hansell made a deliberate choice not to provide any additional training and/or supervision to White, Stockman, Alderman, Buchanan, Pippin, Wilson, Sonnabend, Strodtman, Richmond, Eddy, Scanlan, Harhan, Walther, Hogue, Powell, Dauberley, Gayle, Mendez, Edwards, Cabrera, C. Odell, Smith, Chambers, Bechman, Boos, Cabot, Clayton, Lorenzano, Minervino, Bonar, Forgey, Atkins, Parras, Valentin, Miller, Ciola, Souza, Cunningham, Devlin, Roman, M. Odell, Baggett, Diloreto, Sobiech, Bryan, Drew, Butler, Ribs, Jordanides, Barello, Hayes and John Doe.

50.) Robert E. Hansell and Osceola County Sheriff's Office is liable For Failure to adequately train and/or supervise its Officers. This Failure Caused White, Stockman, Alderman, Buchanan, Pippin, Wilson, Sonnabend, Strodtman, Richmond, Eddy, Scanlan, Harhan, Walther, Hogue, Powell, Dauberley, Gayle, Mendez, Edwards, Cabrera, C. Odell, Smith, Chambers, Bechman, Boos, Cabot, Clayton, Lorenzano, Minervino, Bonar, Forgey, Atkins, Parras, Valentin, Miller, Ciola, Souza, Cunningham, Devlin, Roman, M. Odell, Baggett, Diloreto, Sobiech, Bryan, Drew, Butler, Ribs, Jordanides, Barello, Hayes and John Doe to violate Plaintiff's Clearly established 4th Amendment right to be Free From excessive Force during her arrest.

VI. Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment:

51.) Granting Plaintiff a declaration that the acts or omissions described herein violated her clearly established rights under the Constitution and laws of the United States;

52.) Granting Plaintiff Punitive Damages in the amount of $30,000 against each defendant, Jointly and Severally;

53.) Granting Plaintiff nominal Damages in the amount of $1,000 against each defendant individually;

54.) Granting Plaintiff damages in the amount of $15,000 on her state law Battery Claims;

55.) A Jury trial on all issues triable by a Jury;

56.) Recovery Costs associated with this suit, and

57.) any additional relief that this Court deems, Just, proper and equitable.

June 28, 2017

S. A. Scott Jr
Stacy Antonio Scott Jr X59632
Apalachee East Unit
35 Apalachee Drive
Sneads, Florida 32460

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

- ☐ Yes
- ☑ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

---

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

- ☑ Yes
- ☐ No
- ☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

- ☐ Yes
- ☑ No
- ☐ Do not know

If yes, which claim(s)?

---

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes
☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
☑ No

E. If you did file a grievance:

1. Where did you file the grievance?

N/A

2. What did you claim in your grievance?

N/A

3. What was the result, if any?

N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

N/A

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

Osceola County Corrections Department could not address any of these Claims

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

Lieutenant Keith Parsons, Osceola County Sheriff's Office. Parsons claims to have investigated the claims and stated they were unfounded.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

- [x] Yes
- [ ] No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) Stacy Antonio Scott Jr.,

   Defendant(s) Jeffrey L. Ashton, et al

2. Court *(if federal court, name the district; if state court, name the county and State)* United States District Court, Middle District, Orlando Division

3. Docket or index number

   6:13-CV-1718-GAP-DAB

4. Name of Judge assigned to your case

   unknown

5. Approximate date of filing lawsuit

   unknown

6. Is the case still pending?

   - [ ] Yes
   - [x] No

   If no, give the approximate date of disposition. 2013-2014

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Failure to prosecute

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ____________________

   Defendant(s) ____________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ____________________

3. Docket or index number

   ____________________

4. Name of Judge assigned to your case

   ____________________

5. Approximate date of filing lawsuit

   ____________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition ____________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ____________________

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 28, 2017

Signature of Plaintiff [signature]

Printed Name of Plaintiff Stacey Antonio Scott Jr.

Prison Identification # X59632

Prison Address Apalachee C.I. East Unit 35 Apalachee Drive

Sneads | Florida | 32460
City | State | Zip Code

### B. For Attorneys

Date of signing: ________

Signature of Attorney ________

Printed Name of Attorney ________

Bar Number ________

Name of Law Firm ________

Address ________

City | State | Zip Code

Telephone Number ________

E-mail Address ________